UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN SROGA,<br><br>  Plaintiff,<br><br>  v.<br><br>SGT. P.O. CARL WASIELEWSKI, et al.,<br><br>  Defendants. | No. 18 CV 6262<br><br>Judge Manish S. Shah |

## ORDER

Plaintiff's motion to supplement his response to defendants' motion to dismiss, [47], is granted. Defendants' motion to dismiss, [24], is granted in part, denied in part. Plaintiff's § 1983 claims are not dismissed, but his state-law claims are dismissed with prejudice. Defendants must answer the complaint by August 12, 2019. A status hearing is set for September 6, 2019 at 9:30 a.m.

## STATEMENT

Kevin Sroga alleges that he was unlawfully harassed by Chicago police officers on July 23, 2015. [15] ¶ 14.[1] On July 13, 2017, he filed a § 1983 lawsuit seeking damages flowing from that encounter. *Kevin Sroga v. Sgt. P.O. Carl Wasielewski, et al.*, No. 17 CV 5190, Dkt. No. 1 (N.D. Ill.). The lawsuit named as defendants officers Wasielewski, Cruz, Hall, Drizner, Waldbusser, and Zepeda (plus unknown John and Jane Doe officers and the City of Chicago), and brought claims for violations of the Fourth, Fifth, and Fourteenth Amendments, false arrest, malicious prosecution, and negligent and intentional infliction of emotional distress, among others. *Id.* On September 12, 2017, the judge entered a minute order that reads, "[p]laintiff's oral motion to dismiss this case for want of prosecution is granted." *Id.* at No. 10.

On September 12, 2018, Sroga submitted a complaint that closely resembles the one he filed in 2017.[2] [1]. Even though that complaint seeks damages flowing

---

[1] Bracketed numbers refer to entries on the district court docket.

[2] Defendants say Sroga's complaint was filed on October 19, 2018. [24] at 1 (citing [15]). I ordered that Sroga's complaint be filed on the docket on that date, [13], but that is not the date by which the timeliness of Sroga's complaint should be judged. Sroga submitted a copy of his complaint to this Court on September 12, 2018, and that date controls for purposes of the statute of limitations analysis.

from the same set of events, lists the same defendants, and brings the same claims as his previous lawsuit, [15], Sroga's civil cover sheet indicates that this case is an original proceeding and does not mention any related cases. [2]. (Sroga confirms that the complaint in this case is a "refiling" of his earlier complaint. [43] ¶ 19.) These are the types of technical defects that should not be used to dismiss a *pro se* litigant's pleadings, *Kelley v. Zoeller*, 800 F.3d 318, 325 (7th Cir. 2015), but they do help explain why the defendants' motion to dismiss initially focused on the statute of limitations rather than *res judicata*. *See* [24]; [48] at 2.

"The essential elements of res judicata are (1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir. 1987). There is no dispute that the latter two elements are met; the complaints are almost identical and Sroga has not argued differently.

According to Federal Rule of Civil Procedure 41(a)(2), when a court dismisses a case at the plaintiff's request, the dismissal is without prejudice unless the order says otherwise. Fed. R. Civ. P. 41(a)(2). Dismissals under Rule 41(b)—which operate as an adjudication on the merits—are made pursuant to a defendant's motion. *Id*. As best the docket in his earlier case reflects, it was Sroga (not defendants) who requested that his case be dismissed. *Kevin Sroga v. Sgt. P.O. Carl Wasielewski, et al.*, No. 17 CV 5190, Dkt. No. 10 (N.D. Ill. Sept. 12, 2017). The docket entry does not say that the dismissal was with prejudice, so I must assume that it was without. Fed. R. Civ. P. 41(a)(2).

The cases cited by defendants are not to the contrary, because they do not address federal-court dismissals initiated by plaintiffs. *See, e.g., Hill v. United States,* 762 F.3d 589, 591 (7th Cir. 2014) (dismissal for failure to prosecute was explicitly without prejudice, and any argument that it should have been with prejudice was waived because defendants had failed to raise it with the prior judge); *Pearson v. Chi. Hous. Auth.,* No. 14 CV 9993, 2014 U.S. Dist. LEXIS 176721, at *1 (N.D. Ill. Dec. 19, 2014); *Nehan v. Local Union No. 1-Bakery*, No. 12-CV-05274, 2014 WL 2766774, at *1 (N.D. Ill. June 18, 2014). Dismissals without prejudice do not bar future suits. *Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir. 2011) ("Because the dismissal of the present suit was without prejudice, res judicata (claim preclusion) will not bar a future suit based on identical grounds.").

Sroga's § 1983 claims are also not time barred. A complaint can be dismissed as untimely if the plaintiff alleges facts "sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009). Sroga's § 1983 claims are each governed by Illinois's two-year statute of limitations for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Behavioral Inst. of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926,

929 (7th Cir. 2005); 735 Ill. Comp. Stat. 5/13-202. When those claims accrued is a question of federal law. *Wallace*, 549 U.S. at 388. Under federal law, a § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Behavioral Inst. of Indiana*, 406 F.3d at 929.

Sroga's claims derive from events that all took place in his presence on July 23, 2015. *See* [15] ¶¶ 14–38. "The 'discovery rule,' which is read into state statutes of limitations in federal question cases, postpones the beginning of the limitations period of a federal claim from the date the party is injured to the date when the party discovers or should have discovered the injury, exercising reasonable diligence." *Cathedral of Joy Baptist Church v. Vill. of Hazel Crest*, 22 F.3d 713, 717 (7th Cir. 1994). Sroga has not alleged facts tending to show that he could not have known of the injury inflicted by the officers with the exercise of due diligence, and the burden to do so was his. *See id*. He had until July 23, 2017, to file a complaint.

He met that deadline, *see Kevin Sroga v. Sgt. P.O. Carl Wasielewski, et al.*, No. 17 CV 5190, Dkt. No. 1 (N.D. Ill.), but then voluntarily dismissed that complaint and waited one full year before refiling it. *See* [1]; [47] ¶ 15. Illinois's tolling and savings rules apply, *Beck v. Caterpillar Inc.*, 50 F.3d 405, 406 (7th Cir. 1995), and those rules hold that actions dismissed voluntarily by the plaintiff (as well as actions dismissed for want of prosecution) may be refiled within one year of their dismissal date. *Dvorak v. Granite Creek GP Flexcap I, LLC*, 908 F.3d 248, 249 (7th Cir. 2018) (citing 735 Ill. Comp. Stat. 5/13-217[3]); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (one-year tolling rule applies to § 1983 claims).

Sroga's complaint was refiled exactly one year later, which is "within one year" for purposes of § 5/13-217. *Henderson v. Bolanda*, 253 F.3d 928, 931 n.2 (7th Cir. 2001) (applying Fed. R. Civ. P. 6(a) in order to determine whether a § 1983 claim was filed within Illinois's two-year personal injury statute of limitations); Fed. R. Civ. P. 6(a)(1) (the day of the event that triggers the period is excluded and the last day of the period is included).[4]

---

[3] "Section 13–217 appears in the statute books as amended. However, because the Illinois Supreme Court held that the act that amended § 13–217 was unconstitutional, the unamended, pre–1995 version of § 13–217 remains in effect." *United Cent. Bank v. KMWC 845, LLC*, 800 F.3d 307, 311 (7th Cir. 2015).

[4] Sroga's argument about reliance on advice of counsel, [43] ¶ 19, is neither here nor there; his attorney got the advice right (at least with regard to his § 1983 claims). The judge in the previous case, however, was under no obligation to warn Sroga of all of the potential consequences of voluntarily dismissing his own complaint. *See* [47] ¶ 20.

Sroga's state-based claims, however, are time-barred. Illinois has a one-year statute of limitations for any civil action commenced against either a local entity (such as the City of Chicago) or a local entity's employees (such as the defendant officers). 745 Ill. Comp. Stat. 10/8-101(a); *Saragusa v. City of Chicago*, 63 Ill.2d 288, 293 (1976).

Sroga takes issue with various rulings in other cases he has brought, but by his own admission, [47] ¶ 17, none of those rulings are pertinent. *See* [47] ¶¶ 6, 8, 10. He says the discovery rule explains why he missed the deadline but offers no argument for why the discovery rule should apply. [43] ¶ 2.[5] He mentions advice of counsel, but only in relation to Illinois's savings statute—not Illinois's one-year statute of limitations for claims against local entities and their employees. [43] ¶ 19. And he alleged no facts (nor cited any law) tending to suggest that the doctrine of excusable neglect applies, either. [43] ¶ 22.

Even though "the pleading rules favor decisions on the merits rather than technicalities," those "general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 800–01 (7th Cir. 2011). One such limit is that when the allegations in the complaint show that it was filed late, the complaint can be dismissed. *Cancer Found., Inc.*, 559 F.3d at 674–75. That applies here. Plaintiff's claims for intentional and negligent infliction of emotional distress (as well as any other claim in the complaint based on state law brought against the City of Chicago or its employees, including Sroga's claim for false arrest, to the degree that claim derives from state law, *see* [15] ¶¶ 54–60) are dismissed with prejudice as untimely. [1] ¶¶ 87–92.[6]

Sroga's malicious prosecution claim is premature. In order to proceed with that claim, Sroga's criminal proceedings must have been terminated in a manner favorable to Sroga. *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996); *Ferguson v. City of Chicago*, 213 Ill.2d 94, 99 (2004). Sroga's complaint acknowledges that "the Charges are still pending and being prosecuted against named Plaintiff and the prosecution of this cause is still pending and ongoing." [15] ¶ 86. His claim has not yet accrued and must be dismissed as premature, without prejudice. *See Radick v. Underwriters at Lloyd's, London*, 137 F.2d 21, 24 (7th Cir. 1943) (dismissal because action was

---

[5] The result is the same whether one applies Illinois's discovery rule, *see Hawkins v. Nalick*, 2012 IL App (5th) 110553, ¶ 15 ("[t]he discovery rule is a judicially created rule that tolls the beginning of a statute of limitations until the injured plaintiff knows or reasonably should know that she has been injured and that her injury was wrongfully caused"), or the federal discovery rule. *See Cathedral of Joy Baptist Church,* 22 F.3d at 717.

[6] Sroga's claims for vicarious liability and indemnification depend on the viability of his state-law claims against the individual defendants. They are dismissed.

4

premature "will not prevent the institution of another action when and if the plaintiffs can show the accrual of a cause of action against defendant").

The rest of Sroga's arguments pertain to the underlying merits and are not pertinent here. [43] ¶¶ 24–27.

ENTER:

Date: July 29, 2019

                                          Manish S. Shah
                                          U.S. District Judge